# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE LeBLANC, | Case No. CV 16-03617 JLS (AFM) |
| Plaintiff, | |
| v. | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| DEBBIE ASUNCION, | |
| Defendant. | |

On May 24, 2016, plaintiff, a state prisoner presently incarcerated at the California Health Care Facility in Stockton, California, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He subsequently was granted leave to proceed without prepayment of the full filing fee. Plaintiff's claim arises from incidents that took place while he was incarcerated at the California State Prison – Los Angeles County in Lancaster, California ("CSP-LAC"). (ECF No. 1 at 6.)[1] Plaintiff names one defendant in this action – Warden Debbie Asuncion – in her official as well as individual capacity. (*Id*. at 6.) The Complaint raises one claim pursuant to the First

---

[1] The Court references the electronic version of the Complaint because the document plaintiff filed does not have consecutive page numbers.

Amendment that is alleged to have occurred April 22, 2016, to "ongoing." (*Id.*) Plaintiff seeks injunctive relief and monetary compensation. (*Id.* at 13-14.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the

speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), *cert. denied*, 132 S. Ct. 2101 (2012).

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than November 21, 2016, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[2]

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as

**PLAINTIFF'S FACTUAL ALLEGATIONS**

Plaintiff alleges in the one "claim" raised in this action that the Warden at CSP-LAC violated his "First Amendment right to petition government for redress of grievances by retaliation [sic]." (ECF No. 1 at 8.) Plaintiff alleges that, on May 9, 2016, during a review of an administrative appeal, plaintiff was "given a classification review" where he "found new info [sic] concerning an enemy." (*Id*.) Plaintiff alleges that "some unknown entity within this institution created an enemy concern" because of plaintiff's "filing of multiple lawsuits" and grievances. (*Id.*) The "enemy concern was created on March 23, 2016, while plaintiff was away from CSP-LAC at a temporary mental health program. (*Id.* at 9-10.) Plaintiff alleges that the "goal" is to "send [plaintiff] to another . . . institution solely because of these lawsuits." (*Id.* at 9.) Plaintiff also alleges that the documentation falsely claims that he had served a "SHU term within the last 3 years." (*Id.*) Further, plaintiff contends that "sending me out of CSP-LAC would make" another of his lawsuits filed in this Court, Case No. CV 15-05174-JLS (AFM) "moot" and defendant "would not have to comply with the pending preliminary injunction" concerning the provision of "pen fillers to indigent inmates." (*Id*.)[3]

---

dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

[3]    In Case No. CV 15-05174-JLS (AFM), plaintiff has been given multiple opportunities to amend his pleading, but, to date, his allegations fail to state a claim upon which relief may be granted. In addition, the District Court in that case has denied his requests for a temporary restraining order and a preliminary injunction. No injunctive relief pertaining to plaintiff's cases in this Court is "pending."

Within this same claim, plaintiff also alleges that unspecified "staff have opened my mail/legal" on two dates in April 2016, and that "they have refused to give me blankets" despite his "nine requests." (*Id*. at 10.) Plaintiff also alleges a problem with three pieces of mail in unspecified state court actions that required financial information from the prison, but only two pieces were returned to him. Plaintiff then alleges that the "third suit was missing," but he does not allege which case or cases in which court any of these pieces of mail pertained to. (*Id*. at 10-11.) Further, plaintiff alleges "they refuse to give me pen fillers so that I can write appeals so I must borrow them still." (*Id*. at 10.)[4] Plaintiff also alleges that unspecified "library staff" let him "out 30 minutes late every day and then make [him] chose between yard and law library and phone time." (*Id*. at 11.) Unspecified "staff" also refused to provide plaintiff with envelopes at an unspecified time so that plaintiff "cannot write [his] family." (*Id.*)

Plaintiff alleges that he feels that he is in "immediate danger as staff have intentionally placed [him] in the building with three Correctional Officers" who plaintiff has alleged assaulted him (*id*. at 11-12), and whom he names in other lawsuits in this Court. *See* Case No. CV 16-03270-JLS (AFM) and CV 16-03925-JLS (AFM). Plaintiff also states: "I should not have to fear for my life nor move prisons further from my family solely because CSP-LAC wants to violate my constitutional rights." (*Id*. at 12.)

## DISCUSSION

Plaintiff's Complaint fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

---

[4] The Court notes that the failure of various prison officials at CSP-LAC to provide plaintiff, as an indigent prisoner, with free pen fillers is raised in plaintiff's Case No. CV 15-05174-JLS (AFM).

5

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Initially, the Eleventh Amendment bars plaintiff's federal civil rights claims for monetary damages against any individual defendant in his or her official capacity. The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). In addition, "the eleventh amendment bars actions against state officers sued in their official capacities for

past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Engineering v. University of California*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity). Finally, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983. Because the California Department of Corrections and Rehabilitation ("CDCR") is a state agency, it is immune from civil rights claims raised pursuant to § 1983. *See Pennhurst*, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections). Since the only defendant named in the Complaint is an employee of the CDCR, plaintiff may not seek monetary damages against a state employee in her official capacity.

In addition, plaintiff appears to be purporting to raise one claim under the First Amendment concerning his right to petition the government, (ECF No. 1 at 8), but it is not clear what the factual basis for such a claim may be. To the extent that plaintiff is purporting to raise a claim concerning his access to the courts, *see Turner v. Safley*, 482 U.S. 78, 84 (1987) ("[P]risoners retain the constitutional right to petition the government for the redress of grievances . . . ."), that claim has been raised by plaintiff in Case No. CV 15-05174-JLS (AFM). As set forth in detail in the Court's Orders dismissing his pleadings with leave to amend in that case (*see, e.g,* ECF No. 40), plaintiff's factual allegations are insufficient to establish that the

acts or omissions of prison officials at CSP-LAC caused an "actual injury" that "hindered his efforts to pursue a [non-frivolous] legal claim." *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009) (alteration in original, internal quotation marks omitted).

To the extent that plaintiff is purporting to allege a claim arising from his allegations that, on two occasions in April 2016, "staff" opened his legal mail outside of his presence (ECF No. 1 at 10), plaintiff has not purported to name any defendants in connection with such a claim. In this action, plaintiff has named only the Warden of CSP-LAC as a defendant, but he sets forth no factual allegations against the Warden. Accordingly, plaintiff appears to be seeking to hold Warden Asuncion liable based solely on her supervisory role. However, the Supreme Court has emphasized that "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Rather, plaintiff must allege that each defendant "through the official's own individual actions, has violated the Constitution." *Id.* at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). *See also Starr,* 652 F.3d at 1207 (a supervisor is liable only if he or she is personally involved in the constitutional deprivation or there exists a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (internal quotation marks omitted)). In his Complaint, plaintiff fails to set forth a short and plain statement of the actions that he alleges Warden Asuncion took that violated a right secured by the United States Constitution.

Further, to the extent that plaintiff may be purporting to raise a federal civil rights claim arising from the false creation of an "enemy concern," (ECF No. 1 at 9), not only does plaintiff not name any defendants allegedly responsible for this action, but prisoners do not have a liberty interest in any particular classification level while in prison. *See, e.g., Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir.

2007). The Supreme Court has held that the Fourteenth Amendment's Due Process Clause does not protect a prisoner's alleged liberty interest where a sanction "is within the normal limits or range of custody which the conviction has authorized the State to impose." *See Meachum v. Fano*, 427 U.S. 215, 225 (1976).

In addition, to the extent that plaintiff may be purporting to allege a federal civil rights claim arising from his allegation that he is in "fear for my life," plaintiff sets forth no factual allegations to raise a reasonable inference of any danger, nor does he name any defendants in this action whom he alleges are causing plaintiff to be fearful. (ECF No. 1 at 12.) The Court notes that, to the extent that plaintiff may be alleging that verbal threats by prison officials have caused him to be fearful, threats or verbal harassment do not give rise to a federal civil rights claim. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) (verbal harassment is not cognizable as a constitutional deprivation under §1983); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is not constitutional deprivation under § 1983); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (prison guards' threat of bodily harm failed to state a claim under §1983).

Finally, to the extent that plaintiff may be purporting to allege a claim for retaliation against Warden Asuncion for interference with plaintiff's various grievances or civil lawsuits, plaintiff fails to set forth any factual allegations raising a reasonable inference that the Warden took adverse actions against him in retaliation for plaintiff's filing of inmate grievances or federal lawsuits. An action taken in retaliation for the exercise of a First Amendment right is actionable. *See Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Further, filing a grievance with prison officials is a protected activity under the First Amendment. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). Plaintiff, however, must set forth factual allegations that plausibly suggest a causal connection between plaintiff's protected conduct and a specific

adverse action taken by a named defendant.

Accordingly, it appears to the Court that plaintiff's factual allegations in the Complaint as presently alleged, even accepted as true and construed in the light most favorable to plaintiff, are insufficient to nudge any claim against Warden Asuncion "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Moreover, it is unclear to the Court what claim or claims plaintiff is purporting to raise arising from the factual allegations in the Complaint. The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford him the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623; *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants"). Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555-56).

The Court therefore finds that the Complaint fails to comply with Rule 8.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than November 21, 2016, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: 10/18/2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE